IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| SEAGA MANUFACTURING, INC., | ) | Case No. 13 C 50041 |
| | ) | |
| Plaintiff, | ) | Judge, |
| | ) | Hon. Frederick J. Kapala |
| v. | ) | |
| | ) | Magistrate Judge, |
| INTERMATIC MANUFACTURING LIMITED, | ) | Hon. Iain D. Johnston |
| a non-domestic foreign corporation, | ) | |
| INTERMATIC MANUFACTURING, INC., a | ) | |
| Delaware corporation, and ROBERT JOHN | ) | |
| CECIL "DAVID" HAWTHORNE, a citizen of | ) | |
| the United Kingdom, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff's Motion to Compel 30(b)(6) Deposition (Dkt. #95) is granted in part and denied in part. Defendant Intermatic Manufacturing Limited has until July 31, 2013 to produce a 30(b)(6) designee at Plaintiff's counsel's office in Rockford, Illinois for deposition on the nine (9) financial topics discussed herein. Intermatic Manufacturing Limited will not be required to pay Plaintiff's attorneys' fees and costs incurred in retaking the 30(b)(6) deposition or in making its Motion to Compel 30(b)(6) Deposition.

**I. Background**

Before the Court is Plaintiff's Motion to Compel 30(b)(6) deposition against Intermatic Manufacturing Limited ("Plaintiff's Motion to Compel").
On February 8, 2013, Plaintiff, Seaga Manufacturing, Inc., filed this lawsuit alleging a breach of contract claim against Intermatic Manufacturing, Ltd. ("Intermatic UK"), Intermatic Manufacturing, Inc. ("Intermatic USA"), and Intermatic UK's principal, Robert John Cecil "David" Hawthorne. Plaintiff filed a Motion for a Temporary Restraining Order and Preliminary Injunction on February 8, 2013. After a two-day evidentiary hearing, Judge Frederick J. Kapala denied Plaintiff's Motion for Temporary Restraining Order, based *in part* on "insufficient evidence of insolvency to warrant a finding that no adequate remedy at law exists." Plaintiff's Motion for Preliminary Injunction remains pending before Judge Kapala.
In response to Judge Kapala's order denying its Motion for a Temporary Restraining Order and to prepare for a possible future Preliminary Injunction hearing, Plaintiff filed a Motion for Expedited Discovery regarding the solvency of the Defendants. Magistrate Judge P. Michael Mahoney granted Plaintiff's motion in part and denied it in part. Magistrate Judge Mahoney granted leave to take one three-hour

1

30(b)(6) deposition of a designee from Intermatic UK regarding the current financial condition of Intermatic UK. Plaintiff served Intermatic UK with a Notice of Deposition pursuant to Rule 30(b)(6) ("Notice"), which specified fifteen topics related to the finances of Intermatic UK. The fifteen topics generally specified information relating to Intermatic UK's intangible assets, tangible assets, inventory, receivables, cash, liabilities, and capital for 2010, 2011, and 2012; the identity and information regarding all secured and unsecured creditors; the financial condition of Intermatic UK as of January 1, 2012, and January 1, 2013; all profits, losses, income, and expenses for 2011, 2012, and year-to-date 2013; and the depreciation of assets in 2011 and 2012.

Defendant Intermatic UK did not file a Rule 26(c) Motion for a Protective Order regarding the scope of the Notice. Instead, on May 1, 2013, Intermatic *UK* produced David Clements, an employee of Intermatic *USA*, as its designee for the 30(b)(6) deposition. Mr. Clements was unable to answer certain questions regarding the solvency of Intermatic UK. Consequently, Plaintiff filed its Motion to Compel with this Court.

**II. Discussion**

Rule 30(b)(6) authorizes parties to name a business entity as a deponent. Fed. R. Civ. P. 30(b)(6). Rule 30(b)(6) imposes a duty upon the corporation to designate an individual to testify who has knowledge responsive to the subjects requested in the Rule 30(b)(6) notice. *Wachovia Securities, LLC v. NOLA, LLC*, 248 F.R.D. 544, 547 (N.D. Ill. 2008). Additionally, the business entity must adequately prepare its corporate representative to "answer fully, completely, [and] unevasively, the questions posed by [the discovering party] as to the relevant subject matters." *Id.* (citing *Buycks–Roberson v. Citibank Federal Savings Bank,* 162 F.R.D. 338, 342 (N.D. Ill. 1995)). The responding party must produce more than one witness if necessary to respond to the relevant areas of inquiry. *QBE Insurance Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 688 (S.D. Fl. 2012). Although Rule 30(b)(6) is not designed to be a memory contest, the corporation has a duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the subjects. *Id.* at 689. Preparing a Rule 30(b)(6) designee may be an onerous and burdensome task, but this consequence is merely an obligation that flows from the privilege of using the corporate form to do business. *Id.* If it becomes apparent during the deposition that the designee is unable to adequately respond to relevant questions on listed subjects, then the responding corporation has a duty to timely designate additional, supplemental witnesses as substitute deponents. *Id.* at 690. Indeed, courts often require a responsive party to produce another 30(b)(6) deposition witness who is prepared and educated as a remedy for the corporation's failure to present a proper witness. *Id.* at 690, n.6.

Plaintiff's Rule 30(b)(6) Notice of Deposition requested Intermatic UK to designate a person who could testify about Intermatic UK's finances. Intermatic UK had a duty to produce such a witness, and it produced Mr. Clements as its witness. In its Motion to Compel, Plaintiff alleges that Mr. Clements could not answer questions regarding sixty-eight (68) financial issues. In its response to Plaintiff's Motion to Compel, Intermatic UK argued that the questions posed by Plaintiff regarding the sixty-eight (68) issues "were extremely detailed, 'in the weeds' questions that exceeded the topic limitation allowed by Magistrate Judge Mahoney."

The Court has analyzed the entire deposition transcript of Mr. Clements.[1] Some of the questions arguably exceeded the limited scope of discovery, or bordered on a memory contest. But Mr. Clements could not answer other relevant general questions that related to the solvency of Intermatic UK and the subjects of the Notice.[2] Specifically, Mr. Clements could not fully and properly answer questions regarding: (1) the terms of the lease agreement between Defendant Hawthorne and Intermatic UK; (2) the basic terms of the loans from Ulster Bank and Bank Santander to Intermatic UK, including when the loans were made, the principle amounts, when they accrued, the interest rates, the payment amounts, total amounts repaid, provisions for renegotiation of the loans, and collateral pledged by Defendant Hawthorne to secure the loans; (3) the terms of Intermatic UK's contract with Nitronica to have machines built; (4) whether Nitronica has been paid for the machines it sold and whether Intermatic UK received any money from the sale of machines manufactured by Nitronica; (5) the number of machines sold to and amount of money received from Happy Days Vending in 2012 and 2013; (6) the amount of money paid by Sega Amusements to Intermatic UK in 2012 and 2013; (7) Intermatic UK's year-to-date 2013 income, receivables, and operating expenses; (8) whether the 21,791 pounds of net assets reported in Intermatic UK's 2012 financial statement includes the 857,543 pounds that Intermatic USA owes Intermatic UK; and (9) what financial documents Intermatic UK provided to Bibby Financial to secure the loan from Bibby Financial to Intermatic UK.

These nine (9) topics all relate to the current financial condition of Intermatic UK. In particular, Mr. Clements could not answer any questions about Intermatic UK's 2013 income, receivables, or operating expenses. Instead, he testified that the bookkeeper, administrator, officer manager, Hawthorne, or the directors of Intermatic UK would know the answers to questions about 2013 financial issues. During the deposition, in response to Mr. Clements' inability to answer questions about 2013 income, one of Intermatic UK's attorneys indicated that Intermatic UK had not prepared 2013 financial statements. Regardless of whether 2013 financials had been prepared, Intermatic UK had an affirmative duty to perform a reasonable inquiry for this year-to-date 2013 financial

---

[1] Besides identifying the areas where the deponent was unable to fully and properly answer questions relating to the subject matters identified in the Notice, the deposition transcripts illuminated two issues. First, the transcript shows that, to paraphrase George Bernard Shaw, the parties appear to be separated by a common language. Indeed, in this case, the product at issue creates either "cotton candy" or "candy floss" depending upon which side of the Atlantic Ocean one is located. Likewise, again depending on one's location, "stock" is either a document evidencing ownership of a company or inventory of product. Second, the transcript (as well as other filings, positions and arguments made to the Court) evidences a deep dislike between the parties and their representatives. The deposition transcript contains numerous examples of baiting by nearly everybody in attendance. Having just transitioned from a litigator to a Magistrate Judge, the Court is fully aware that litigation – in particular, high-stakes commercial litigation – is not high tea at the Savoy. *See In re Marriage of Adler*, 271 Ill. App. 3d 469, 474 (1st Dist. 1995). But all involved in this case would be well served to remember that nearly all commercial lawsuits settle, and many of those that settle require the parties to continue their relationship in some manner.

[2] This order should not be viewed as a general disparagement of Mr. Clements. Instead, the Court is merely identifying those issues about which he could not testify, apparently because he was not prepared adequately.

information that is reasonably available to it by simply consulting with any of the aforementioned individuals with knowledge identified by Mr. Clements. Moreover, Intermatic had a duty to adequately prepare its *sole* designee, or to designate an additional individual, to testify about this subject. *See id.* at 688. Intermatic UK cannot use its failure to prepare a financial statement for 2013 as an excuse not to answer relevant questions. The answers to questions on these nine (9) topics, in particular the 2013 year-to-date financial information, may help establish whether Intermatic UK is currently able to pay its debts.

Intermatic UK had a duty to prepare Mr. Clements (or any other witness) to adequately testify on subjects that it should have reasonably known were responsive to the Notice, including these nine (9) topics. The Court does not believe that Mr. Clements' failure to answer questions was as extreme as Plaintiff argues. But the Court believes these nine (9) topics were within the scope of both the Notice and Magistrate Judge Mahoney's order and are relevant. Accordingly, Intermatic UK was under a duty to produce a witness who could competently testify about these subjects. The deposition transcript shows that Intermatic UK failed to do so.

Accordingly, Plaintiff's Motion to Compel 30(b)(6) Deposition is granted in part and denied in part. Because of Intermatic UK's failure to provide a competent witness, pursuant to the Court's inherent authority (particularly as it relates to the control of the discovery process), Defendant Intermatic UK has until July 31, 2013 to produce an adequately prepared and competent 30(b)(6) designee at Plaintiff's counsel's office in Rockford, Illinois for deposition on the nine (9) financial topics identified. The deposition is limited to ninety (90) minutes and limited to the nine (9) financial topics. The designee must be able to fully and properly answer all reasonable questions related to these topics. However, Plaintiff should not use this deposition as an opportunity to expand the scope of the subjects or delve into unnecessary minutia. Instead, Plaintiff should use the allocated time to obtain information needed.

Further, Intermatic UK will not be required to pay Plaintiff's attorneys' fees and costs it will incur in retaking Intermatic UK's 30(b)(6) deposition or the expenses incurred by Plaintiff in making its motion for at least two reasons. First, because the motion is granted in part and denied in part, the Court retains discretion to impose attorneys' fees as a sanction. *See* Fed. R. Civ. P. 37(a)(5)(C); *Switch Communications Group LLC v. Ballard*, No. 2:11–CV–285 JCM (GWF), 2011 U.S. Dist. LEXIS 122911, *3 - 4 (D. Nev. Oct. 24, 2011) (unlike Rule 37(a)(5)(A), which mandates fees, Rule 37(a)(5)(C) provides discretion to the court); *Wilson v. Delta Airlines, Inc.*, No. 09–cv–2687–JPM–tmp, 2011 U.S. Dist. LEXIS 2092, *11 n.6 (W.D. Tenn. Jan. 7, 2011) (same). In its discretion, the Court chooses not to impose the requested sanctions. Second, Intermatic UK did not completely fail to produce a competent witness. Mr. Clements was able to answer a vast majority of the topics, but failed with regard to these nine (9) topics. The Court believes that requiring Intermatic UK to produce the deponent at Plaintiff's attorneys' office by July 31, 2013 is a sufficient remedy at this time, based upon this record.

**ENTER:**

_____
**IAIN D. JOHNSTON, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**

**DATE: July 12, 2013**