IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Seaga Manufacturing, Inc., )
    Plaintiff, )     Case No: 13 CV 50041
)
v. )
)     Judge Iain D. Johnston
Intermatic Manufacturing Ltd., )
    Defendants. )

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, based on the unusual circumstances of this case, this Court exercises its broad discretion and takes the admittedly unusual step of assigning counsel under U.S. District Court for the Northern District of Illinois Local Rules 83.35, 83.36 and 83.37 to represent David Clements – a defendant – in this case.

This case was filed on February 8, 2013. At that time, the only defendants were corporate entities: Intermatic Manufacturing Limited and Intermatic Manufacturing, Inc. (the "Intermatic companies"). (The Plaintiff's position is that the Intermatic companies were held out as being one and the same. Dkt. #182, p. 3.) When the case was filed, the Plaintiff immediately moved for injunctive relief. A central point of that motion and the evidentiary hearing that followed was that injunctive relief was needed because the Intermatic companies were insolvent. Dkt. #6 at p. 18. The Intermatic companies were represented by counsel at that time. Eventually, the motion for injunctive relief was denied. Dkt. #29.

After the order denying the injunctive relief, the case scuffled along, but the Intermatic companies continued to be represented by counsel. The Intermatic companies were not particularly timely in responding to discovery and when they did it was often inadequate – an unsurprising circumstance when a party is either insolvent or on the verge of insolvency. The parties also filed various pretrial motions, which were ruled upon by the District Court, with each side winning some issues and losing some issues.

During discovery, David Clements, an employee of at least one the Intermatic companies, was deposed. David Clements testified that he had not been paid for over one year.

On January 24, 2014, the Plaintiff filed a first amended complaint. Dkt. #149. In the first amended complaint, the Plaintiff added David Clements as a

1

defendant, asserting claims against him individually. Dkt. #149. David Clements moved to dismiss. Dkt. ##162, 163. The Plaintiff then filed a second amended complaint. Dkt. #182. The second amended complaint again asserted claims against David Clements in his personal capacity for work he performed on behalf of the Intermatic companies. Dkt. #182 at pp. 10-12. Count II of the second amended complaint alleged fraud in the inducement against David Clements and the Intermatic companies. Dkt. #182, at p. 10. The previously filed motion to dismiss was allowed to stand as David Clements' response to the second amended complaint. Dkt. #181. That motion was filed by David Clements' retained counsel.

After a series of various motions to compel, all counsel for all defendants moved to withdraw. Dkt. ##208-211. It was clear that counsel sought to withdraw because they were not being compensated. The Court granted the motions to withdraw. Dkt. #213.

On August 19, 2014, the District Court denied David Clements' and the other defendants' motion to dismiss. Dkt. #218.

Less than one week later, the Court received notice that Intermatic Manufacturing Limited was filing a "petition for winding up" (essentially seeking bankruptcy) in the United Kingdom. The notice stated that Intermatic Manufacturing Inc. was a solely owned subsidiary of Intermatic Manufacturing Limited. Dkt. #219.

For good or bad, the Plaintiff's theory of its case – that the Intermatic companies were insolvent – proved to be true. Accordingly, the Plaintiff could not have been surprised by this turn of events. In fact, the Court was surprised that the petition was not filed previously.

On September 26, 2014, David Clements filed his *pro se* appearance. Dkt. #232. On October 3, 2014, David Clements filed his answer and affirmative defenses to the second amended complaint. Dkt. #239.

After the Plaintiff filed various motions for entry of default judgment against the Intermatic companies, those motions were stricken. Dkt. #249.

On October 15, 2014, the Plaintiff sought a default judgment against the Intermatic companies and Robert Hawthorne. The Court has repeatedly stated that it could not enter a default judgment against these other defendants pursuant to *In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1262 (7th Cir. 1980). The Court has also repeatedly stated that if the Plaintiff were to voluntarily dismiss David Clements, it would enter a report and recommendation that default judgment be entered against these other defendants. *See Domanus v. Lewcki*, 742 F.3d 290, 304 (7th Cir. 2014). To date, for whatever reason, the Plaintiff has steadfastly refused to voluntarily dismiss David Clements. Dkt. #253. (The Court has since denied the motion without prejudice so that the Plaintiff to file an objection to this ruling with the District Judge.)

In October 2014, David Clements suffered a series of small strokes. According to his physician, "A direct precipitant of this stroke . . . was the extreme stress regarding this lawsuit." Dkt. #266. According to the physician, David

Clements suffers from some mild cognitive impairments and memory loss. These observations were, and have been, repeatedly confirmed by David Clements' wife.

Both verbally and in written communications to both the Court and opposing counsel, David Clements has established that he lacks the resources to retain counsel. The Court finds that it is beyond doubt that David Clements will not find an attorney to represent him, without court intervention. Absent assignment by the Court, an attorney would not represent a person who has extremely limited financial resources and whose previous counsel withdrew because they were not being paid.

On February 26, 2015, during the status call, the Court asked David Clements a series of questions to determine whether he was a viable litigant to be assigned counsel, pursuant to the factors identified in *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007).

During the March 12, 2015, status call, after the Court stated that it was considering assigning counsel for David Clements, the Plaintiff stated that David Clements had the remedy of filing for bankruptcy. The Plaintiff also verbally objected to the Court assigning counsel. Without addressing whether the Plaintiff has standing to object, the Plaintiff can file any objections under Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636 with the District Court within fourteen days, if it so chooses. One basis for the objection was that David Clements was a defendant. However, the Local Rules envision assigning counsel to defendants. First, Local Rule 83.35 states that a court may assign "a member of the trial bar to represent *a party*." (Emphasis added.) The rule is not limited to plaintiffs. The Court is confident that the District Judges of the Northern District of Illinois knew the difference between "parties" and "plaintiffs". Second, Local Rule 83.37 specifically refers to assigned counsel defending actions on behalf of parties. ("If after consultation with counsel the party decides to prosecute *or defend* the action . . ., counsel shall proceed to represent the party in the action.") (Emphasis added.) Again, the Court is confident that the District Judges understood the meaning of the word "defend." The second articulated basis for the Plaintiff's verbal objection was that counsel are assigned to inmates in civil rights cases. This is certainly true, but irrelevant. Indeed, if this Court is essentially compelled under current Seventh Circuit law to assign counsel to represent inmates (including convicted rapists, child molesters and murders) in claims asserting alleged indifference to serious medical conditions, it does not know why it would be prohibited from assigning counsel for a nearly destitute, law abiding person with serious health issues, who has valid defenses against what can reasonably be described as aggressive litigation. Indeed, that type of incongruity would turn the moniker "civil justice system" on its head.

To date, David Clements has diligently participated in this litigation in a *pro se* capacity, except during the time he was recuperating from his strokes. Despite his health issues, David Clements and his wife have taken their obligations with respect to this litigation seriously.

In applying the *Pruitt* factors, this Court exercises its discretion to assign counsel to represent David Clements. Although he has not sought the Court's assistance in obtaining counsel, the Court has the inherent authority to *sua sponte* assign counsel. *See, e.g., Wilson-El v. Motayoba*, 2014 U.S. Dist. LEXIS 12049 (S.D. Ill. Jan. 31, 2014); *Carter v. Belz*, 2013 U.S. Dist. LEXIS 150042, *52 (W.D. Wis. Oct. 18, 2013). As to the factors for the Court to consider, David Clements previously had an attorney who withdrew and as stated above, absent court intervention, he will not obtain an attorney. And as established, David Clements does not have the resources to hire an attorney. Moreover, David Clements has suffered a stroke, in part, because of this case. His doctor identified David Clements' health problems, which are real. Indeed, the Court notes that David Clements' speech has diminished since he attended a settlement hearing before the Court. At times, it is clear that he is searching for words to express concepts, and his memory is not as sharp. These observations have been confirmed by his wife. Although David Clements is an experienced businessman, he is not versed in the law, and as far as the Court is aware, he has not previously been involved in litigation in a personal capacity. Although he attended the equivalent of high school, he stopped his education to seek a career as a professional soccer player. Additionally, David Clements' defense of this case is not frivolous.

Similarly, applying the factors identified in *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992), the Court finds that assignment of counsel is proper under the unique circumstances of this case. First, David Clements has a meritorious defense; the defense is not frivolous. Second, his ability to investigate crucial facts is extremely hampered if he does not have counsel. David Clements lives in Colorado. The Plaintiff is located in Illinois. He has limited resources. As a result, his ability to obtain evidence is hampered. Additionally, due to David Clements' stroke (which again, as noted by a physician, was caused in part by the stress of this litigation), his ability to conduct discovery, including taking depositions is extremely limited. Furthermore, it is more likely that the truth will be exposed if both sides had counsel. (The Court makes no comment as to the ultimate merits of the parties' respective positions.) Moreover, again because of his location and medical condition, David Clements' ability to present the case is limited. Finally, the case is fairly classified as complex commercial litigation. And to date, at times, the Court appears to be used as a surrogate for Thunderdome, as evidenced by the Plaintiff's indication that David Clements can seek a remedy by filing for bankruptcy – an odd point to be made by a party seeking a monetary judgment.

There is an old adage that one cannot squeeze blood from a stone. Apparently, in this case, at great expense, the Plaintiff is willing to attempt to dispel that adage. In its discretion, the Court believes the stone should be able to fairly defend itself during that attempt.

At the risk of redundancy, the Court again notes that, based on the record, if the Plaintiff merely voluntarily dismisses the infirm and essentially insolvent

David Clements, the Court would recommend that the Plaintiff's motion for default judgment against the other defendants be granted.


Date:	March 16, 2015	/s/ Iain D. Johnston
	U.S. Magistrate Judge